**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM VICTOR,** | CIVIL NO. 3:11-CV-2000 |
| Petitioner, | (Judge Nealon) |
| v. | |
| **DAVID VARANO, et al.,** | (Magistrate Judge Carlson) |
| Respondents. | |

## MEMORANDUM ORDER

This case involves a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to Title 28, United States Code, Section 2254. The Petitioner, William Victor, has now filed a several motions which seek far-ranging relief including: (1) a motion seeking appointment of counsel in this case pursuant to Title 18, United States Code, Section 3006A; (2) an order "dismissing" the Respondents' response to this habeas corpus petition as untimely; (3) a stay of Victor's filing deadlines with respect to this case pending the appointment of counsel for the Petitioner and a period of discovery for Victor; and (4) additional, unspecified documentary discovery. (Docs. 29 and 31.)

Upon consideration of these various requests, we will GRANT the requests in part, and DENY the requests in part as follows:

### A.  Victor's Request to Strike Pleadings Is Denied

Turning first to Victor's request that we "dismiss" or strike the Respondents' response to his petition, the docket reveals that the Petitioner commenced this action by filing a petition for writ of habeas corpus on October 27, 2011. (Doc. 1.) While there have been a series of delays by Respondents in

replying to this petition, (Docs. 4, 14, 17, 23, 24.) on August 3, 2012, the Respondents filed a response to this petition, a response which included more than 350 pages of material detailing the proceedings in Victor's state criminal case. (Doc. 28.) Thus, the Respondents have now submitted a complete response to this petition.

Victor's request to strike this pleading is judged against an exacting standard. While rulings on motions to strike rest in the sound discretion of the Court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

In this case, recognizing that motions to strike are disfavored and that courts should whenever possible reach the merits of parties' claims, we will DENY Victor's request to strike this response to his habeas corpus petition.

Given the gravity of this case, we believe that Victor's claims, and the Respondents' response to those claims, should be addressed on their merits.

### B.    Victor's Request for Appointment of Counsel is Denied Without Prejudice

With respect to Victor's request to appoint counsel, it is well-settled that individuals like the Petitioner do not have a constitutional right to counsel in habeas corpus proceedings.  See, Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991).  Rather, appointment of counsel in such cases is governed by Title 18, United States Code, Section 3006A(a)(2)(B), which provides that the Court has the discretion to appoint counsel in such cases when "the court determines that the interests of justice so require. . . ."

The exercise of discretion in this area is guided, however, by certain basic principles.  When applying this standard and exercising its discretion in this field, the court should determine both whether the petitioner has presented an arguably meritorious claim, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim. Id. At 263.  In making this determination, factors influencing a court's decision on a request for appointment of counsel include the complexity of the factual and legal issues in a case, as well as the petitioner's ability to present these claims. Id. at 264.  Thus, where the issues in a habeas petition are narrow, or straightforward and capable of resolution on the record, or where the petitioner demonstrates a good understanding of the issues and displays the ability to forcefully and coherently present contentions appointment of counsel is unnecessary. Id.

Turning to the question of the complexity of the factual and legal issues in a case, as well as the petitioner's ability to present these claims, Id. at 264, William Victor has shown himself in the past to be an adept and active *pro se* litigant, who has demonstrated his competence to pursue claims on his behalf. Therefore, given Victor's abilities as his own advocate, we do not regard the appointment of counsel as necessary in this matter at the present time.  In any event, many of these considerations which guide our discretion with respect to appointment of counsel require some assessment of both the complexities and the potential merits of a petition.  Therefore, in many instances these assessments should await the further development of the legal and factual issues in the case.  In this case, the Court is not prepared to conclude that Victor has presented a sufficient showing to justify appointment of counsel since we find that Victor is fully capable of developing these claims.  We further find that, at present, the appointment of counsel is unnecessary to address these claims.  See, Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991).  Therefore, we will deny this request without prejudice to considering this matter anew as this litigations progresses.

**C.     Victor's Request for Discovery is Denied Without Prejudice, But We will Grant Victor Additional Time in Which to Seek Narrowly Tailored Discovery, if Necessary, and File a Traverse in Response to Respondents' Filings**

We also note that Victor has sought counsel, in part, because he alleges that prison officials have discarded court records which he needs to litigate this matter. Victor has also sought discovery in this case, and requests a stay of these proceedings while he seeks both counsel and discovery.  To the extent that Victor

seeks discovery, a stay and counsel because he alleges that he lacks documentary evidence to pursue his claims we make two observations:

First, at the time that Victor filed these motions, he had not yet received the Respondents' response to his petition, a response which provided substantial supporting evidentiary material from the record of the state criminal proceedings. Therefore, as a factual matter, it is unclear to this Court whether Victor's discovery needs have been largely met through the Commonwealth's submissions.

Further, as a legal matter, we note that habeas petitioners have no absolute right to make discovery demands upon respondents. Rather, decisions on discovery requests rest in the sound discretion of the court. As the United States Court of Appeals for the Third Circuit has noted:

> Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, see Wacht v. Cardwell, 604 F.2d 1245, 1246 n. 2 (9th Cir. 1979), neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery. Under Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2254 the district court has discretion to decide the extent to which discovery is appropriate. The Advisory Committee Note to Rule 6 makes clear that prior court approval is required to prevent abuse.

Mayberry v. Petsock, 821 F.2d 179, 185 (3d. Cir. 1987).

Given that Victor did not have the benefit of the Respondents' thoroughly documented response when he filed these motions, we will DENY any request for discovery at this time but will set the following schedule for further proceedings in this case:

1. If Victor believes that he needs further material beyond the materials in his possession and those included in the Respondents' response to this habeas corpus petition, he will file

      a narrowly tailored discovery motion on or before **September 7, 2012**, specifically identifying those items of record in the state criminal proceedings which he requests the Respondents to produce in order to allow Victor to submit a traverse.

2. The Respondents shall respond to any discovery motion by producing the requested materials or lodging appropriate objections, on or before **September 21, 2012**.

3. Petitioner's traverse shall then be filed on or before **October 19, 2012**.

So ordered this 22d day of August 2012.

                                                         *S/Martin   C.   Carlson*
                                                         United States Magistrate Judge