IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM VICTOR,                    :
    Petitioner                :
                              :        CIVIL NO. 3:11-cv-2000
    v.                        :
                              :        (JUDGE NEALON)
DAVID VARANO, et al.,              :        (MAGISTRATE JUDGE CARLSON)
    Respondents               :

## MEMORANDUM

On October 27, 2011, Petitioner, William Victor, an inmate currently confined in the

State Correctional Institution in Frackville, Pennsylvania, filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging his 2003 conviction and sentence in the Monroe

County Court of Common Pleas. (Doc. 1). On November 14, 2012, Magistrate Judge Martin C.

Carlson filed a Report and Recommendation ("R&R") finding no basis upon which to grant relief

and recommending that the petition be denied. (Doc. 37). Petitioner filed objections on January

3, 2013. (Doc. 41). For the reasons set forth below, the R&R will be adopted.

**Background**

In the R&R, Magistrate Judge Carlson thoroughly outlines the facts and the issues of the

case. See (Doc. 37, pp. 2-7). After review, this Court will adopt this section of the R&R.

Accordingly, only a brief summary of the facts is presented herein.

On October 5, 2001, Petitioner, a convicted felon who had previously served ten years in

New York, robbed, at gunpoint, a couple on their honeymoon in their hotel room in the Poconos.

(Doc. 37, p. 2). Petitioner restrained the husband and forcefully raped the wife. (Id.). Petitioner

testified at trial that he was misidentified and was innocent of the crimes. (Id. at p. 23). On

January 14, 2003, Petitioner was convicted by a jury of rape, burglary, robbery, and related

offenses. (Id. at p. 3). He was sentenced to an aggregate prison term of 495 months to 990 months. (Id.). His conviction was affirmed on appeal. (Id.).

Petitioner subsequently filed for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9501 et seq. (Doc. 37, pp. 3-5). Through numerous proceedings, amended PCRA petitions, and several court-appointed attorneys, Petitioner alleged, inter alia, that pre-trial and trial counsel were constitutionally ineffective for failing to investigate and present an insanity defense. PCRA relief was denied. (Id.).

On September 19, 2011, Petitioner filed a federal habeas petition in this Court under 28 U.S.C. § 2254, challenging his state court conviction. See Victor v. Varano, et al., 3:11-cv-1740 (M.D. Pa. September 19, 2011) (Nealon, J.). Notice was issued pursuant to Mason v. Meyers, 208 F.3d 414, 417 (3d Cir. 2000), and United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999), of the limitations on filing another habeas petition in the future, and Petitioner was afforded an opportunity to withdraw his petition without prejudice to file an all-inclusive petition. Victor, 3:11-cv-1740 at (Doc. 3). On October 6, 2011, Petitioner returned the notice of election form indicating that he wished to withdraw his petition. Id. at (Doc. 11). Accordingly, the habeas petition was dismissed without prejudice and the case was closed. Id. at (Docs. 12-14).

The instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed on October 24, 2011, in the above-captioned case. (Doc. 1). Petitioner alleges that trial and appellate counsel were ineffective for failing to investigate and pursue an insanity or diminished capacity defense, that his PCRA attorneys were ineffective and abandoned him, that the trial court judge wrongfully issued consecutive sentences for duplicate charges, and that the trial court unconstitutionally excluded African Americans from the jury panel. (Doc. 1, pp. 1-16). Out of

an abundance of caution, the Court again issued the <u>Miller</u>-<u>Mason</u> notice. (Doc. 4). Petitioner was advised that if he failed to timely return this Court's notice of election form, the petition would be ruled on as filed under 28 U.S.C. § 2254. (<u>Id.</u>). After the time expired for Petitioner to return the form, the Court served the habeas petition and directed a response. <u>See</u> (Doc. 10).

After the matter was fully briefed, on November 14, 2012, Magistrate Judge Carlson issued an R&R. (Doc. 37). The Magistrate Judge concludes that Petitioner's claims that his attorneys were ineffective for failing to investigate an insanity or diminished capacity defense are without merit. (<u>Id.</u> at pp. 14-25). Second, the Magistrate Judge finds that Petitioner's challenge to his sentence is procedurally barred and is without merit. (<u>Id.</u> at pp. 25-29). Third, Magistrate Judge Carlson determines that Petitioner's arguments regarding the racial composition of the jury panel are procedurally defaulted and meritless. (<u>Id.</u> at pp. 29-31). Accordingly, the R&R recommends that the habeas petition be denied. (<u>Id.</u> at p. 31). On January 3, 2013, Petitioner filed objections. (Doc. 41).

**<u>Standard of Review- R&R</u>**

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a <u>de novo</u> review of those portions of the report to which specific objections are made. <u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); <u>Goney v. Clark</u>, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete <u>de novo</u> determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); <u>Mutombo v. Carl</u>, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). Conversely, when neither party objects, the district court is not statutorily required to review the R&R under <u>de novo</u> or any other standard.

3

Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C); accord Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (holding that it is better practice to afford some level of review to dispositive legal issues raised by the report), writ denied, 484 U.S. 837 (1987). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating, "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

## Standard of Review- Ineffective Assistance of Counsel[1]

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. Marshall v. Hendricks, 307 F.3d 36, 85 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first prong of the Strickland test. Id. at 86. To establish prejudice under the second prong, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Roe v. Flores-Ortega, 528 U.S. 470, 482

---

[1] See (Doc. 37, pp. 15-20).

4

(2000) (quoting Strickland, 466 U.S. at 694). It is not necessary for the court to "guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel." Id. at 85. Additionally, there is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (rejecting the state prisoner's claim that counsel was ineffective for abandoning an insanity defense), citing Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003). "The question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable --a substantially higher threshold.'" Knowles, 556 U.S. at 123 (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). The court must consider the totality of the evidence and the burden is on the petitioner. Strickland, 466 U.S. at 687, 695.

**Discussion**

Magistrate Judge Carlson begins the R&R with an explanation of the legal standards a state prisoner must satisfy to obtain habeas relief. (Doc. 37, pp. 8-13) (quoting 28 U.S.C. § 2254 (a) and (b)). Substantively, "habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a 'fundamental defect which inherently results in a complete miscarriage of justice' or was completely inconsistent with rudimentary demands of fair procedure." (Id. at p. 9) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). Procedurally, a state prisoner must exhaust his claim in the state courts before seeking federal review. (Id. at pp. 9-11). The Magistrate Judge details the doctrine of procedural default. (Id. at pp. 11-13). Specifically,

A procedural default occurs when a prisoner's federal claim is barred from

consideration in the state courts by an 'independent and adequate' state procedural rule. Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes 'cause' to excuse the default and actual 'prejudice' as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental 'miscarriage of justice.'

(Doc. 37, p. 12), quoting Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). See also Marinelli v. Beard, 2012 U.S. Dist. LEXIS 169705, *25 (M.D. Pa. 2012) (Mariani, J.) ("The miscarriage of justice exception applies only in extraordinary cases where a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'"), quoting Schlup v. Delo, 513 U.S. 298, 324 (1995) and Murray v. Carrier, 477 U.S. 478, 496 (1986).

## A.    Ineffectiveness Claims / Insanity Defense

Petitioner alleges that each of his attorneys was ineffective for failing to investigate and raise a diminished mental capacity or legal insanity defense. (Doc. 1); (Doc. 37, p. 14).

Initially, Magistrate Judge Carlson determines that Petitioner's ineffectiveness claims against PCRA counsel are barred by 28 U.S.C. § 2254(i), which states: "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." (Doc. 37, p. 14). The Magistrate Judge further reasons that "the diminished capacity defense is available only to first degree murder charges, and thus would appear to have no application to the charges brought against Victor." (Id. at n.1) (citing Commonwealth v. Terry, 521 A.2d 498, 404 (Pa. 1987), overruled on other grounds by, 554 A.2d 27 (Pa. 1989); Walsh v. Kloptoski, 2011 WL 7102569, *20 (W.D. Pa. 2011)).

6

Magistrate Judge Carlson then finds that Petitioner has offered no evidence to support an allegation that he was insane or lacked the mental capacity to commit the crimes charged. (Doc. 37, p. 20). To prevail on a claim that trial counsel was ineffective for failing to pursue an insanity defense, a prisoner "must show ... that there is a 'reasonable probability' that he would have prevailed on his insanity defense had he pursued it." Knowles, 556 U.S. at 123; (Doc. 37, p. 19). The Magistrate Judge determines, "the total absence of evidence in support of Victor's claim of insanity thoroughly undermines any suggestion that if his counsel had explored an insanity defense, the result of his criminal proceedings would likely have been different." (Doc. 37, p. 20). The attorneys who represented Petitioner during pre-trial proceedings and at trial testified at the PCRA hearing that they perceived no basis to pursue an insanity defense or to investigate Petitioner's mental health status. (Id. at p. 22). Additionally, Petitioner maintained his innocence throughout the proceedings and under Pennsylvania law, to assert an insanity defense, the defendant must admit to having committed the crimes charged. (Id. at p. 23).

The R&R explains that the state courts considered, and rejected, Petitioner's claim in this regard and were "particularly careful to afford Victor all reasonable opportunity to support his claim that his appointed counsel should have done more to investigate and ultimately present an insanity defense." (Doc. 37, pp. 21, 24). When a state court decision is based on a factual determination, it will not be overturned unless it was objectively unreasonable. (Id. at p. 19) (quoting Rico v. Leftridge-Byrd, 340 F.3d 178, 181 (3d Cir. 2003)). Further, the federal court will presume that the state court's factual findings were correct. (Id.). Magistrate Judge Carlson concludes, "there simply is no factual basis to suggest that Victor's lawyers' representation fell below an objective standard of reasonableness by failing to pursue a defense that has no factual

underpinnings." (Id. at p. 20). The R&R recommends that Petitioner's ineffectiveness claim be rejected. (Id. at p. 24).

In his objections, Petitioner essentially reiterates the ineffectiveness claims against each of his attorneys. See (Doc. 41). After de novo review, this Court will adopt Magistrate Judge Carlson's conclusion that the ineffectiveness claims fail on their merits.

This Court agrees with the R&R that Petitioner has failed to establish that "there is a 'reasonable probability' that he would have prevailed on his insanity defense had he pursued it." See Knowles, 556 U.S. at 123. Both pre-trial and trial counsel testified at the PCRA hearing that they had no reason to explore a psychiatric or psychological condition for Petitioner and that he never mentioned any mental health issues. (Doc. 28-14, pp. 12, 20, 40-42); See also Jordan v. Warden, 1998 U.S. Dist. LEXIS 13475, *29 (M.D. Pa. 1998) (Caputo, J.) (stating, "it is well settled that a claim of ineffective assistance of counsel cannot be based on the failure to raise baseless or frivolous issues"). In fact, the trial judge found Petitioner to be "extremely intelligent." (Doc. 28-4, p. 6). Magistrate Judge Carlson correctly concludes that the total absence of evidence in support of an insanity defense undermines Petitioner's claim that the result of the criminal proceedings would have been different but for counsel's ineffectiveness. See (Doc. 37, p. 20). Additionally, because Petitioner maintained his innocence throughout the proceedings, informing pre-trial and trial counsel that someone named "Lucky" committed the crime, see (Doc. 28-14, pp. 18, 35), counsel cannot be deemed to be ineffective. See Commonwealth v. Hughes, 581 Pa. 274, 319-20 (2004) (holding that an attorney is not ineffective for failing to present a defense of insanity or diminished capacity if the defendant denies committing the offense).

8

In his objections, Petitioner asserts that he needs discovery to support his ineffectiveness claim. (Doc. 41). This argument is unpersuasive. See Tirado v. Klopotoski, 2009 U.S. Dist. LEXIS 125678 (E.D. Pa. 2009) (recommending that the section 2254 petitioner's discovery request for all paperwork related to his case, including medical records, be denied and that the ineffectiveness claim for counsel's failure to raise issues of the petitioner's mental health be dismissed), adopted by, 2010 U.S. Dist. LEXIS 15733 (E.D. Pa. 2010). The Magistrate Judge concludes that the state courts afforded Petitioner every opportunity to support his claim, but he failed. An independent review confirms that the state court findings were not objectively unreasonable and should not be overturned. See (Doc. 28-20, Pennsylvania Superior Court opinion dated February 10, 2011, affirming the denial of PCRA relief).

Next, Petitioner objects to the Magistrate Judge's failure to address the ineffectiveness of PCRA counsel. (Doc. 41). Magistrate Judge Carlson correctly determines, however, that section 2254(i) bars Petitioner's ineffectiveness claims against PCRA counsel. See Ascenzi v. Nish, 2010 U.S. Dist. LEXIS 98317, *12 (M.D. Pa. 2010) (Caputo, J.) (concluding that the petitioner was precluded from asserting a section 2254 claim that PCRA counsel provided ineffective assistance); Walker v. Piazza, 2009 U.S. Dist. LEXIS 89187, *36-37 (M.D. Pa. 2009) (Munley, J.) ("A petitioner's ineffective assistance of PCRA counsel claim does not arise under the Constitution or laws of the United States, and is not cognizable under 28 U.S.C. § 2254."). Thus, the R&R did not need to address each of Petitioner's allegations of ineffectiveness against PCRA counsel. Petitioner's objection will be overruled.

For these reasons, Petitioner's assertion that PCRA counsel was allowed to abandon him, see (Doc. 41), will also be rejected. See Jacobs v. Folino, 2011 U.S. Dist. LEXIS 49842, *32-34

(E.D. Pa. 2011) (overruling the Petitioner's objection that "the Magistrate Judge 'ignored the fact that PCRA counsel had abandoned Petitioner during the PCRA proceeding'" because the claim is not cognizable, "[e]ven if Petitioner had experienced a violation of the state law right to PCRA counsel [as] the violation of State law rights does not provide for relief in federal habeas proceedings"), citing Engle v. Isaac, 456 U.S. 107 (1982) and Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991) (concluding that there is no remedy in a federal habeas petition for a non-constitutional harm to a defendant due to a state's violation of its own procedural rule); Sutton v. Vaughn, 741 F. Supp. 564, 566 (E.D. Pa. 1990) ("[P]etitioner's claim of the ineffective assistance of counsel in the first PCHA [PCRA] for filing a Finley[2] letter presents no cognizable federal claim."), citing Tillett v. Freeman, 868 F.2d 106 (3d Cir. 1989) (holding, "a claim of ineffective assistance of counsel in a Post Conviction Hearing Act proceeding is not one arising under the Constitution or laws of the United States"). Although it appears PCRA counsel mistakenly filed an Anders brief seeking to withdraw on appeal from the denial of PCRA relief instead of a Turner/Finley no-merit letter, compare (Doc. 28-16) with (Doc. 28-19), there is no violation. See Commonwealth v. Widgins, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (holding that "[b]ecause an Anders brief provides greater protection to a defendant, this Court may accept an Anders brief in lieu of a Turner/Finley letter"). Petitioner's objection will be overruled.

---

[2]Pennsylvania v. Finley, 481 U.S. 551 (1987) (holding that the constitution does not require Anders to be made applicable at PCRA proceedings); Anders v. California, 386 U.S. 738 (1967) (providing a means by which appellate counsel, who has concluded that there is no issue of arguable merit and the appeal is frivolous, may withdraw); Commonwealth v. Finley, 550 A.2d 213 (Pa. 1988) (discussing the procedure outlined in Turner by which PCRA counsel can withdraw from representation by filing a "no-merit letter"); Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) (establishing the procedures to be followed, pursuant to Pennsylvania law, to allow withdrawal of counsel in collateral proceedings where counsel finds the appeal to be meritless).

Petitioner also challenges the Magistrate Judge's finding that some investigative search ensued after the PCRA hearing. (Doc. 41). Specifically, the R&R states that "Watkins, was appointed to represent Victor on his appeal of the adverse PCRA decision. Following counsel's investigation into Victor's claims, however, he joined Mr. Wiedenbaum in concluding that Victor's insanity and diminished capacity claims had no merit." (Doc. 37, p. 5). After an independent examination of Watkins' Anders brief to the Pennsylvania Superior Court, see (Doc. 28-19), Commonwealth of Pa. v. Victor, 2010 WL 4731697 (Pa. Super. August 5, 2010) (Appellant brief stating, "after a thorough review of extensive record in this case, and a review of the complete files of all prior counsel"), this Court finds no error in the R&R. Moreover, as previously explained, the alleged ineffectiveness of PCRA counsel is not cognizable in federal habeas. See 28 U.S.C. § 2254(i). Petitioner's objection will be overruled.

Next, Petitioner alleges that his attorneys, including PCRA counsel, were ineffective for failing to raise certain claims, and he makes a number of arguments as to why his claims have not been waived. See (Doc. 41). However, because each of the habeas claims are being considered on the merits, any objections regarding waiver will be overruled. Furthermore, Petitioner's claims regarding the legality of his sentence and the racial composition of the jury are denied on their merits below; therefore, counsel cannot be deemed ineffective in this regard. See Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.").

In his objections, Petitioner asserts additional ineffectiveness claims that were not raised in his habeas corpus petition, although some of these allegations were made in his Memorandum of Law supporting the petition. See (Docs. 1, 2, 41). Out of an abundance of caution, this Court

has reviewed these arguments and finds them to be meritless.

First, Petitioner contends that pre-trial counsel's comments on television[3] prejudiced his right to a fair trial. (Docs. 2, 41). "Due process requires that the accused receive a trial by an impartial jury free from outside influences." Sheppard v. Maxwell, 384 U.S. 333, 362 (1966). "Ultimately, the question is whether a defendant's trial was not fundamentally fair." Hetzel v. Lamas, 2008 U.S. Dist. LEXIS 109252, *20 (E.D. Pa. 2008), adopted by, 630 F. Supp. 2d 563 (E.D. Pa. 2009). The court will consider whether there is actual or presumed prejudice. Id.

This claim was presented to the state courts in a pre-trial motion for change of venue, in a post-trial motion made shortly after sentencing, and again years later in a PCRA motion. In denying Petitioner's post-trial motion challenging the denial of his pre-trial request for a change of venue due to the television broadcast and several newspaper articles, the trial court found "no actual prejudice" and explained the circumstances under which prejudice may be presumed. See (Doc. 44-1) (citing Commonwealth v. Bridges, 757 A.2d 859, 872 (Pa. 2000)). The state court noted that a full eight (8) months elapsed between the television broadcast on April 15, 2002, and the start of trial on January 13, 2003. (Doc. 44-1). Accordingly, the prejudice, if any, had significantly dissipated. (Id.), citing Commonwealth v. Chambers, 546 Pa. 370, 385 (Pa. 1996) (holding, "even if there has been inherently prejudicial publicity which has saturated the community, no change of venue is warranted if the passage of time has significantly dissipated

_____

[3]According to Attorney Spishock, her comments were not made "on-the-air"; rather, a reporter was sitting in the courtroom when Petitioner called counsel "a fucking bitch", which prompted the reporter to ask counsel, "Do you believe that?", and counsel responded "Yeah, he's like the worst human being I ever met." (Doc. 28-14, p. 16). Notably, Attorney Spishock was removed as counsel shortly after making the statement and was replaced by new counsel. Petitioner was afforded an opportunity to file supplemental pre-trial motions after Attorney Spishock was removed.

the prejudicial effects of the publicity"). Additionally, the court noted that "the trial was preceded by an in-depth voir dire that removed any jurors with any bias towards either side." (Doc. 44-1). On appeal from the denial of PCRA relief, the Pennsylvania Superior Court rejected Petitioner's ineffectiveness claim for pre-trial counsel's comments on television for the same reasons stated by the trial court when denying post-trial motions. See (Doc. 28-20, p. 6).

Pursuant to 28 U.S.C. § 2254(d)(1), a habeas petition "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law...." After an independent review, this Court, presuming that the state court's factual findings were correct, determines that the state court decisions were not objectively unreasonable. See Rico, 340 F.3d at 181. To establish actual prejudice, a defendant must prove "that those who served on his jury could not reach an impartial verdict based solely on the evidence presented at trial", which is determined based on the totality of the circumstances. Pursell v. Horn, 187 F. Supp. 2d 260, 301 (W.D. Pa. 2002) (quoting Irvin v. Dowd, 366 U.S. 717, 722-23 (1961)). This Court agrees with the trial court that no such showing of actual prejudice has been made. Additionally, the state court's determination regarding presumed prejudice was not contrary to federal law. Prejudice is presumed where the community or media reaction was "so hostile and so pervasive that it is apparent even the most careful voir dire process would be unable to assure an impartial jury." Hetzel v. Lamas, 630 F. Supp. 2d 563, 570 (E.D. Pa. 2009) (citing Sheppard, 384 U.S. at 358). "Such cases are exceedingly rare and mere exposure to press reports or other community reaction concerning the case, or even a tentative opinion based on those reports will not establish a constitutional violation if the trial

court found that each juror was able to put aside any and all outside influences." Id. As with Pennsylvania law, "[p]otential prejudice can be dissipated if there is a large lapse in time between the widespread publicity and the trial." Hetzel, 630 F. Supp. 2d at 570, citing Murphy v. Florida, 421 U.S. 794 (1975) (finding that the petitioner did receive a fair trial and noting that the media coverage concluded seven months before jury selection). The state court concluded that an unbiased jury was selected and, moreover, that the lapse in time dissipated any prejudice. Consequently, the state court's decision was not unreasonable. Petitioner's claim is without merit and his objection will be overruled.

Second, Petitioner objects to trial counsel's alleged failure to inform Petitioner about his prior employment with the Monroe County District Attorney's Office. (Doc. 41). But, "the possibility of conflict is insufficient to impugn a criminal conviction." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). "In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." Id. Petitioner fails to show an actual conflict of interest and makes no argument as to how he was prejudiced by counsel's previous employment. See Cox v. Superintendent Kerestes, 2011 U.S. Dist. LEXIS 157180, *45-46 (E.D. Pa. 2011) (Although the court found the petitioner's claim, that defense counsel was ineffective for failing to disclose his previous employment with the District Attorney's Office, was procedurally defaulted, it noted that the petitioner never established that the alleged instances of ineffectiveness were "because of the attorney's other loyalty or interest."), quoting Tillery v. Horn, 142 Fed. Appx. 66, 70 (3d Cir. 2005). His objection will therefore be overruled.

Third, Petitioner alleges that trial counsel directed him to testify at trial and to deny any

14

involvement in the crimes. (Doc. 41). This claim was not raised in the habeas corpus petition or the supporting memorandum. See (Docs. 1-2). Additionally, this argument was not made at the PCRA hearing, see (Doc. 28-14), and it is unclear from the instant record whether the issue was ever presented to the state courts. Even if this Court assumes the claim is not procedurally defaulted, there is no evidence to support the allegation. "A defendant has the final decision on whether to testify. If the defendant wishes not to testify, he can reject his counsel's strategic decision to have him testify by not taking the stand." United States v. Phillips, 1998 U.S. Dist. LEXIS 17014, *11-12 (E.D. Pa. 1998) (finding that trial counsel, who discussed the petitioner's right to testify with him, was not unreasonable by recommending that the petitioner testify, and that the petitioner did not testify against his will). See also Commonwealth v. Walker, 348 Pa. Super. 207, 213-14 (Pa. Super. 1985) (concluding that the appellant failed to support his claim, that there was no reasonable explanation for trial counsel's decision to allow him to testify, with specific facts, and the record failed to show that the appellant's taking the stand was anything but his own decision). Petitioner has offered no evidence or argument to show that he took the stand against his will. Moreover, trial counsel testified at the PCRA hearing that Petitioner's "position from the beginning was that he didn't commit the offense" and that someone named "Lucky" was guilty. (Doc. 28-14, pp. 27, 35-38, 42). In light of this, it is unclear how counsel acted unreasonably by advising Petitioner to testify and to deny involvement.

Petitioner further contends that trial counsel wanted to see him convicted and made improper comments to the jury that the victims were not wrong in accusing Petitioner. (Doc. 41). As with the previous argument, this claim was not made in the habeas petition or memorandum of law, see (Docs. 1-2), was not addressed at the PCRA hearing, see (Doc. 28-14), and it cannot

be determined from the instant record whether the issue was presented to the state courts. Assuming arguendo that the claim is not procedurally defaulted, there is no evidence to support the allegation. A habeas petitioner "cannot meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations...." Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991), cert. denied, 502 U.S. 902 (1991). Rather, the "Petitioner has the burden of setting forth sufficient facts to support each claim. ... Bald assertions and conclusory allegations do not afford a sufficient ground to provide habeas relief." Daniels v. Wilson, 2010 U.S. Dist. LEXIS 122452, *81-82 (W.D. Pa. 2010), adopted by, 2010 U.S. Dist. LEXIS 121617 (W.D. Pa. 2010). "Strickland places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different." Wong v. Belmontes, 558 U.S. 15, 27 (2009) (citing Strickland, 466 U.S. at 694). Petitioner offers no reason why he believes counsel would want him convicted. Petitioner also fails to allege what challenged statements counsel made to the jury. Accordingly, Petitioner's objection/claim will be denied.

Next, Petitioner alleges that attorney Utermahlen, who represented Petitioner at sentencing and on direct appeal to the Pennsylvania Superior Court, failed to preserve certain claims, neglected to inform Petitioner of his recent incarceration, and was removed due to counsel's mental health issues. (Docs. 2, 41). Significantly, this Court is considering all habeas claims, regardless of any procedural default or waiver, and Petitioner has failed to allege any other prejudice resulting from counsel's purported ineffectiveness. To succeed on an ineffectiveness claim, Petitioner must prove prejudice. Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011). Specifically, Petitioner "'must show that there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different.'" Strickland, 466 U.S. at 694; Bennett v. Winstead, 2011 U.S. Dist. LEXIS 44717, *18-19 (E.D. Pa. 2011) (finding that after counsel was removed for failing to appear for several hearings, new counsel was appointed), adopted by, 2011 U.S. Dist. LEXIS 44714 (E.D. Pa. 2011). Without any evidence of prejudice to Petitioner, his ineffectiveness claims in this regard are without merit. The objection will be overruled.

Finally, it is unclear whether Petitioner also asserts an ineffectiveness claim against attorney Lawler for his removal due to physical problems. See (Doc. 2, p. 3). Regardless, Lawler only represented Petitioner for purposes of filing a petition for allowance of appeal to the Pennsylvania Supreme Court regarding the direct appeal. Lawler timely filed this petition and there is no allegation or evidence of any ineffectiveness on counsel's part or prejudice to Petitioner. See Strickland, 466 U.S. at 694. This claim, if raised, will be denied.

**B.     Lawfulness of Sentence**

Petitioner argues in his habeas corpus petition that the state trial court judge abused her discretion by imposing an illegal sentence ordering that his sentences on multiple counts run consecutively, not concurrently, in violation of the Double Jeopardy Clause. (Doc. 1); (Doc. 37, p. 25). In the memorandum of law, Petitioner asserts that the sentencing judge intentionally exceeded the lawful maximum due to racial discrimination. (Doc. 2, p. 7).

First, Magistrate Judge Carlson finds that Petitioner's claim is procedurally barred because it was not raised on direct appeal or on collateral review. (Doc. 37, p. 25). The Magistrate Judge determines that Petitioner has not demonstrated cause or prejudice to excuse his default. (Id.).

17

Second, the Magistrate Judge concludes that Petitioner's claim provides no basis to grant federal habeas relief. (Doc. 37, p. 25). Specifically, "sentencing is a matter of state criminal procedure and does not fall within the purview of federal habeas corpus." (Id.) (citing Corbett v. Grace, et al., No. 2:05-cv-086 (W.D. Pa. February 7, 2006), adopted by, 2006 U.S. Dist. LEXIS 18110 (W.D. Pa. April 5, 2006)). Unless the state sentencing court committed a constitutional violation, a federal court has no basis to grant habeas relief. (Doc. 37, p. 26) (citing United States v. Addonizio, 442 U.S. 178, 186 (1979)). Magistrate Judge Carlson finds that the state court "exercised careful discretion", was mindful of double jeopardy, and did not impose consecutive sentences for any lesser-included offenses. (Doc. 37, p. 27 n.4), citing Commonwealth v. Burkhardt, 586 A.2d 375 (Pa. 1991) (holding that the imposition of consecutive sentences is within the sound discretion of the trial court).

In his objections, Petitioner does not mention his consecutive sentences or the alleged discrimination by the sentencing judge, but suggests that PCRA counsel, who allegedly informed Petitioner that "the sentencing should have been attacked as the score used," was ineffective for failing to file ineffectiveness claims. (Doc. 41).

Assuming arguendo that Petitioner's sentencing challenge is not procedurally barred, compare Martinez v. Ryan, 132 S. Ct. 1309, 1315-17 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Similarly, "an attorney's errors during an appeal on direct review may provide cause to excuse a procedural default."), with Morales v. Cameron, 2012 U.S. Dist. LEXIS 39877, *10-12 (E.D. Pa. 2012) (concluding that the petitioner, who did not present in his claim of ineffectiveness relating to consecutive sentences in a PCRA petition,

18

could not demonstrate cause and prejudice or a resulting miscarriage of justice to excuse procedurally defaulting the claim), this claim is not cognizable. See Walls v. Harlow, 2011 U.S. Dist. LEXIS 151273, *22-26 (E.D. Pa. 2011) (holding that the petitioner's claim that the state court should have merged his convictions for sentencing was procedurally defaulted and, regardless, is not cognizable by a federal court in a habeas proceeding). This Court agrees with Magistrate Judge Carlson that sentencing does not fall within the purview of federal habeas corpus unless the state court committed a constitutional violation. See Bartelli v. Wynder, 2010 U.S. Dist. LEXIS 141893, *28 (E.D. Pa. 2010) (recommending that the petitioner's claim that the trial court abused its discretion in imposing consecutive sentences be denied because it is not cognizable in federal habeas proceedings), adopted by, 2011 U.S. Dist. LEXIS 23444 (E.D. Pa. 2011). See also Lebar v. Thompson, 2013 U.S. Dist. LEXIS 67828, *37 (M.D. Pa. 2013) (Kosik, J.) ("[W]ith respect to sentence length, the state court's sentencing discretion is unreviewable by a federal court provided that the sentence lies within the statutory guidelines, it is not based upon arbitrary considerations, and the defendant's constitutional rights were not violated.").

After review, this Court finds no violation. The Double Jeopardy Clause protects against, inter alia, multiple punishments for the same offense. See Richardson v. Lackawanna County DA, 2012 U.S. Dist. LEXIS 163543, *14-15 (M.D. Pa. 2012) (Nealon, J.) (quoting United States v. Baird, 63 F.3d 1213, 1215 (3d Cir. 1995)). To determine whether the imposition of consecutive sentences violates the Double Jeopardy Clause, a court must determine whether one of the offenses is a lesser-included offense of the other by looking at the two offenses and deciding whether each offense requires proof of a different element. Smith v. Vaughn, 1997 U.S. Dist. LEXIS 6631, *10-11 (E.D. Pa. 1997). "If each requires proof of an element the other does

not, the sentences will not merge." Id.

Here, the sentencing court concluded that Criminal Trespass merged with Burglary, and that the charges of Sexual Assault and of Involuntary Deviate Sexual Intercourse, two counts, merged with Rape. (Doc. 28-1, pp. 6-10). Petitioner therefore received concurrent sentences for these lesser-included offenses. (Id.). Each of the other charges contained an element of proof not required by the others. See e.g. Smith, 1997 U.S. Dist. LEXIS 6631 at *10-13 (finding that the consecutive sentences for burglary and robbery did not violate the constitutional prohibition against Double Jeopardy); Commonwealth v. Greer, 382 Pa. Super. 127, 144 (Pa. Super. 1989) (affirming the defendant's consecutive sentences for rape and burglary). Although Petitioner received consecutive sentences for his two Robbery counts, count one was for robbing Heather Hardison while count two was for robbing Timothy Hardison. See (Docs. 28-1, 45-1). The "[i]mposition of consecutive sentences on a 'victim-by-victim' basis has been held to be within the sentencing court's discretion." Preik v. Dist. of Allegheny County, 2011 U.S. Dist. LEXIS 100417, *27 (W.D. Pa. 2011), adopted by, 2:10-cv-1612 (W.D. Pa. September 7, 2011) (adopting the magistrate judge's recommendation that the state prisoner's habeas challenge to his consecutive sentences for the same crime against different victims be denied); see also Commonwealth v. Jones, 613 A.2d 587, 594 (Pa. Super. 2005) ("The lower court utilized its discretion in this case by imposing consecutive sentences on a victim-by-victim basis and concurrent sentences on the crimes committed against the same victim."). Consequently, this Court finds no double jeopardy violation.

Petitioner's allegation, made in the memorandum of law but not in the habeas petition itself, that the sentencing judge discriminated against Petitioner on account of race is wholly

unsupported.[4]  To state an equal protection claim, Petitioner must "prove the existence of purposeful discrimination." Boyd-Chisholm v. Corbett, 2010 U.S. Dist. LEXIS 3260, *21 (M.D. Pa. 2010) (Munley, J.) (denying the section 2254 habeas petitioner's claim that the state appellate court violated his equal protection rights), quoting Shuman v. Penn Manor School Dist., 422 F.3d 141, 151 (3d Cir. 2005).  Specifically, Petitioner must prove that the sentencing judge acted with a discriminatory purpose.  See Sweet v. Tennis, 2008 U.S. Dist. LEXIS 109428, *40 (E.D. Pa. 2008), adopted by, Sweet v. Kerestes, 2008 U.S. Dist. LEXIS 70847 (E.D. Pa. 2008) (denying state prisoner's habeas petition).  No such proof has been attempted and any equal protection claim will be denied.  See Ellis v. Folino, 2011 U.S. Dist. LEXIS 71883, *6 (M.D. Pa. 2011) (Jones, J.) (rejecting the state prisoner's claim that his sentence was the product of some invidious discrimination).

There is also no Eighth Amendment or due process violation arising from the length of the sentence imposed.  Whether or not the state court used the correct "score", which cannot be determined from the instant record, Petitioner's sentence did not exceed the statutory limits and is therefore not grounds for federal habeas relief.  See Lebar, 2013 U.S. Dist. LEXIS 67828 at *37 (holding that because the state prisoner's sentence falls within the statutory sentencing maximum, the court's finding that the sentence is not excessive can not be disturbed); 18 Pa. C.S. § 1103 (stating that the maximum sentence for a person convicted of a felony of the first degree is not more than twenty years and for a felony of the third degree, not more than seven years); 18 Pa. C.S. § 1104 (stating that the maximum sentence for a person convicted of a

---

[4]Petitioner's allegations as they relate to the trial court's influence over the racial composition of the jury panel are discussed below.

misdemeanor of the first degree is five years and two years for a misdemeanor of the second degree).  Furthermore, the sentencing judge noted several aggravating factors for which she could pronounce a sentence outside the recommended guideline range.  See Commonwealth v. Monahan, 860 A.2d 180, 182 (Pa. Super. 2004) (explaining that a judge may impose a sentence outside the guidelines, but must state the reasons for the deviation).  Specifically, the state court found that the offense was particularly cruel, Petitioner used a gun to commit his crimes, he showed no remorse or emotion, Petitioner was on bail when he committed the offense, he had seven prior convictions for which he spent approximately ten years in prison in New York, and he violated probation in the past.  (Doc. 28-4, pp. 5-6).  See Commonwealth v. Yuhasz, 592 Pa. 120, 133 (2007) (concluding that "the range is merely a suggestion" and that "a judge may impose a sentence outside the Guidelines without unconstitutionally increasing the punishment for a crime based on judicially-determined facts as long as the maximum sentence imposed does not exceed the statutory limit").  Accordingly, counsel was not ineffective for not challenging the sentence.  See Simmons v. Pa State AG, 2013 U.S. Dist. LEXIS 73594, *10-13 (E.D. Pa. 2013) (denying federal habeas relief because it was within the state court's discretion to sentence the prisoner to the statutory maximum sentence and counsel cannot be deemed ineffective for failing to challenge the sentence).

Next, Petitioner, asserting that his prior convictions were not for any violent crimes, objects to the R&R's reference to his ten-year sentence for escalating violence.  (Doc. 41).  The challenged reference occurs in the following sentence:

> Yet the trial judge, who appears from the record to have given thoughtful attention to the sentence imposed, and to Victor's particular penchant for violent and dangerous conduct demonstrated through multiple instances of felonious criminal

22

behavior, was well within her discretion in imposing the sentence she levied.

(Doc. 37, p. 27). The R&R then explains that the imposition of consecutive sentences is within the discretion of the trial court and is not reviewable in federal habeas. (Id. at pp. 27-28). Accordingly, the comment does not alter the Magistrate Judge's recommendation. Moreover, contrary to his argument, Petitioner had at least one prior conviction for a violent crime, see Commonwealth of PA. v. Victor, CP-60-CR-244-2001 (guilty plea to Resisting Arrest, December 18, 2001), and has since been convicted of several violent offenses, see Commonwealth of PA. v. Victor, CP-11-CR-310-2006 (weapons charge), Commonwealth of PA. v. Victor, CP-49-CR-664-2004 (Simple Assault, Institutional Vandalism), Commonwealth of PA. v. Victor, CP-49-CR-1468-2003 (Aggravated Harassment by a Prisoner), Commonwealth of PA. v. Victor, CP-49-CR-635-2002 (Robbery, Involuntary Deviate Sexual Intercourse). See Abbott v. Butler County Conviction, 2013 U.S. Dist. LEXIS 73249, *10 (W.D. Pa. 2013) (stating that under Rule 4, a federal habeas court may take judicial notice of state court dockets). Magistrate Judge Carlson's comments that Petitioner has a "particular penchant for violent and dangerous conduct" was not erroneous and Petitioner's objections will be overruled.

C.    **Racial Composition of the Jury Panel**

Petitioner claims that the trial court unlawfully excluded African Americans from the jury panel due to racial discrimination. (Doc. 1); (Doc. 2, pp. 6-7) (citing Batson v. Kentucky, 476 U.S. 79 (1986)); (Doc. 37, p. 29).

Magistrate Judge Carlson finds that Petitioner's argument was never presented to the state courts and is procedurally defaulted. (Doc. 37, p. 29). Additionally, the Magistrate Judge concludes that Petitioner's claim is meritless. (Id. at pp. 29-31). Magistrate Judge Carlson

determines that Petitioner's reliance on <u>Batson</u> is misplaced and that he is merely taking issue with the fact that there were no African Americans on his jury. (<u>Id.</u>). The R&R explains that pursuant to <u>Batson</u>, "a defendant has no right to a petit jury composed in whole or in part of persons of his own race." (<u>Id.</u>) (quoting <u>Batson</u>, 476 U.S. at 85-86). The Magistrate Judge finds that Petitioner has offered no evidence to establish that the jury panel selected was the product of a racially discriminatory process and, in fact, "Victor has failed to articulate any aspect of the jury selection process that he believes was unconstitutional." (Doc. 37, p. 29). Thus, Magistrate Judge Carlson recommends that Petitioner's unsupported claim be rejected. (<u>Id.</u> at p. 31).

Petitioner makes no objection to the discussion of this claim for relief. <u>See</u> (Doc. 41). Accordingly, the R&R has been reviewed for plain error and will be adopted.

Regardless of whether Petitioner's claim is procedurally defaulted, <u>see</u> (Doc. 1, pp. 35-37) (letter from Conway dated July 14, 2006, stating that in the first PCRA petition Petitioner raised counsel's ineffectiveness as to the racial makeup of the jury), the claim has no merit. Magistrate Judge Carlson aptly determines that Petitioner offers no evidence to support his claim and fails to articulate any aspect of the jury selection process that he believes was unconstitutional. <u>See</u> (Doc. 37, p. 29); <u>Johnson v. Bickell</u>, 2012 U.S. Dist. LEXIS 180268, *28-29 (W.D. Pa. 2012) (finding that the "petitioner's bald assertion of prejudice does not provide sufficient information to establish a prima facie case of racial discrimination in the exercise of peremptory strikes"), <u>adopted by</u>, 2012 U.S. Dist. LEXIS 179236 (W.D. Pa. 2012) (denying the state prisoner's request for habeas relief); <u>Parker v. Kerestes</u>, 2011 U.S. Dist. LEXIS 153733, *48 (E.D. Pa. 2011), <u>adopted by</u>, 2012 U.S. Dist. LEXIS 26783 (E.D. Pa. 2012) (denying the section 2254 habeas petitioner's <u>Batson</u> challenge). Where "there is no evidence of

the racial composition of the venire, and there is nothing more than unsupported allegations about the racial composition of the empaneled jury and the race of the venire members whom the prosecution excluded with its peremptory strikes", the habeas petitioner can not meet his burden. Lewis v. Horn, 581 F.3d 92, 104 (3d Cir. 2009). See also Williams v. Beard, 637 F.3d 195, 214-15 (3d Cir. 2011) (finding insufficient evidence on habeas review to support a Batson claim). Accordingly, Magistrate Judge Carlson's recommendation to deny Petitioner's challenge to the racial composition of the jury panel will be adopted.

**Certificate of Appealability**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons set forth in this Memorandum, this Court will not issue a certificate of appealability. See Paul v. Britton, 2012 U.S. Dist. LEXIS 114165 (M.D. Pa. 2012) (Kane, C.J.) (denying a certificate of appealability on the petitioner's habeas claim that the state court violated double jeopardy by imposing consecutive sentences on two counts of the criminal information); Asbury v. Lavan, 2006 U.S. Dist. LEXIS 15840 (M.D. Pa. 2006) (Kane, J.) (finding no basis to issue a certificate of appealability after rejecting the habeas petitioner's claim that state trial counsel was ineffective for failing to present an insanity defense); King v. Kerestes, 2009 U.S. Dist. LEXIS 118847 (E.D. Pa. 2009) (adopting the R&R, denying the section 2254 habeas

25

petition claiming, inter alia, that counsel was ineffective for failing to raise a Batson challenge, and refusing to issue a certificate of appealability).

## Conclusion

Petitioner asserts a number of ineffectiveness claims, most significantly for counsel's failure to raise an insanity defense. In the absence of any evidence to support Petitioner's claim of insanity, however, he cannot show that there is a reasonable probability such a defense would have been successful. Further, because a defendant pleading insanity must admit to having committed the crimes and Petitioner maintained his innocence throughout the state court proceedings, counsel cannot be deemed ineffective. As to Petitioner's remaining ineffectiveness claims, this Court has concluded that they were properly denied by the state courts, are unsupported by the record, and/or did not result in prejudice to Petitioner. Additionally, Petitioner's ineffectiveness claims against PCRA counsel are barred from habeas review.

Petitioner's second claim, that the state trial court judge abused her discretion by imposing illegal, consecutive sentences, does not provide a basis for federal habeas relief because no constitutional violation was committed. The state court did not impose consecutive sentences for any lesser-included offenses and therefore did not violate double jeopardy; there is no evidence of racial discrimination to support an equal protection claim; and because the sentence did not exceed the statutory limits, there was no Eighth Amendment or due process violation.

Finally, Petitioner fails to offer any evidence to support his claim that the jury panel was a product of racial discrimination.

After de novo review, this Court will adopt the R&R and dismiss the section 2254 habeas petition. For the reasons previously explained, there is no basis to issue a certificate of

appealability. Petitioner's objections will be overruled.

A separate Order will be issued.

_____
**United States District Judge**

**Date:** July 8, 2013